UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KATRINA COLEMAN                                         Case No. 12-11154

        Plaintiff,                                  Sean F. Cox
v.                                                      United States District Judge

CARDINAL HEALTH 200, LLC,                               Michael Hluchaniuk
                                                        United States Magistrate Judge
        Defendant.
_____/

# ORDER GRANTING DEFENDANT'S
# MOTION FOR SANCTIONS (Dkt. 17)

    A.    <u>Procedural History</u>

    Plaintiff filed her complaint in this matter on March 15, 2012, claiming racial discrimination and retaliation against her former employer Cardinal Health. (Dkt. 1). Discovery proceeded in the case based on an initial scheduling order entered on June 26, 2012. (Dkt. 10). The deadline for discovery was initially set for March 25, 2013. A second scheduling order was entered on March 7, 2013, and the deadline for discovery was extended to May 31, 2013. (Dkt. 16). Defendant filed the present motion for sanctions on April 17, 2013. (Dkt. 17). Defendant supplemented its brief on April 29, 2013. (Dkt. 19). Plaintiff responded to the motion on May 3, 2013. (Dkt. 20). Defendant filed a reply on May 9, 2013. (Dkt. 22). The parties filed a statement of resolved and unresolved issues on May 30, 2013. (Dkt. 25). A hearing was held on June 3, 2013.

1

B.    Arguments of the Parties

Defendant contends that during the course of discovery, on more than one occasion, plaintiff was asked to produce any recordings of meetings she had with agents or employees of defendant. On each of these occasions, plaintiff denied that such recordings existed. However, during the plaintiff's deposition on April 10, 2013, she revealed that she had a number of recordings of conversations she had with Jay Hughes. Copies of those recordings, along with recordings of conversations plaintiff had with her former supervisor, a HR representative and a colleague, were produced on April 19, 2013.

Defendant seeks sanctions against plaintiff claiming that its entire litigation strategy would have been different had plaintiff disclosed, in a timely fashion, that she had these recordings. The sanctions defendant requests are a significant award of attorney fees including all the attorney fees for the period between when plaintiff should have disclosed the recordings and when they were actually disclosed. In its supplemental brief, filed after actually being provided with the recordings, defendant also asked for sanctions including: (1) dismissal of the case, (2) costs and expenses in addition to attorney fees, and (3) adverse inference instructions regarding those recordings that were not completely recorded.

Plaintiff acknowledges that the recordings were not disclosed, claiming that she forgot about them, but contends that defendant has really not suffered any

prejudice as a result of the untimely disclosure. Additionally, defendant had its own recordings of most of these conversations and therefore would have been aware of the content of the conversations and plaintiff has offered to submit to a second deposition but defendant has declined that proposal. Plaintiff believes no sanctions should be imposed.

    C.    <u>Analysis and Conclusions</u>

A court may impose sanctions for the failure of a party to make a required disclosure pursuant to Rule 37(c) or for bad faith conduct pursuant to the inherent power of the court. *Fharmacy Records v. Nassar,* 248 F.R.D. 507, 529 (E.D. Mich. 2008). The sanctions available range from dismissal of the claim to an award of fees and costs. Dismissal as a sanction is a very severe option and should not be ordered unless warranted based on the four factors summarized in *United States v. Reyes*, 307 F.3d 451 (6th Cir. 2002). Those factors are: (1) whether the failure is due to willfulness, bad faith, or fault; (2) whether the adversary had been prejudiced by the failure; (3) whether a warning regarding dismissal was previously given; and (4) whether less drastic sanctions were imposed or considered. *Id*. at 458.

In the present case, plaintiff's conduct in not turning the recordings over earlier was willful in the sense that she knew she had the recordings and knew, or should have known, that defendant had requested copies of the recordings but did

not provide them during the earlier stages of the litigation. Her willfulness is mitigated to some extent by the fact that she eventually admitted to having them, at her deposition, although that was relatively late in the discovery process. Plaintiff's claim that she merely "forgot" she had the recordings is not credible. Plaintiff is an intelligent person and it is not reasonable that someone with her background would have forgotten that she had recorded hours of conversations she had with employees of the business she was now suing. Defendant contends that further evidence of bad faith is demonstrated by the fact that some of the recordings produced by plaintiff are not complete, leading defendant to conclude that plaintiff must have deleted portions of the conversations that might have been favorable to defendant. Plaintiff has denied any portions of the recordings were deleted and attributed it to tapes running out before the conversation ended. It is not completely beyond the realm of possibility that someone would delete portions of recordings that were unfavorable to that person but that possibility, without more, does not allow the undersigned to reach the conclusion that the recordings were intentionally deleted.

While generally claiming prejudice from plaintiff's failure to produce the recordings, defendant has not specifically identified any prejudice that has resulted. Many of the recordings were already in defendant's possession because the employee who spoke with plaintiff was also recording the conversations.

4

Defendant was offered the opportunity to take a second deposition of plaintiff but declined that offer. It could very well be that defendant's pretrial strategy may have been different than it was had the recordings been produced but without the identification of some specific prejudice this factor does not weigh heavily in favor of dismissal.

Plaintiff was not previously warned that such conduct could result in dismissal but a "party does not need formal notice to know that spoliation of evidence and misrepresentation may lead to dismissal." 248 F.R.D. at 530.

The final factor, whether less drastic sanctions had been imposed or considered, suggests that dismissal should be a sanction of last resort and imposed only where earlier sanctions had proved ineffective at curbing inappropriate conduct. This is the first motion for sanctions filed by defendant.

Plaintiff's conduct in withholding recordings of critical conversations from defendant until very late in the discovery phase of this case is a serious failure on plaintiff's part. However, given the factors identified above, dismissal is not warranted, but other sanctions definitely are. Two of the sanctions included in Rule 37(c)(1) are clearly appropriate here. One of those sanctions is the prohibition on use of the information that was not disclosed. Plaintiff will not be able to use any of the recordings that she did not disclose to defendant when initially asked "on a motion, at a hearing, or at a trial." Defendant, of course, will

be able to use those recordings for any purpose permitted by the rules but plaintiff is not permitted to use the recordings.[1] Fed.R.Civ.P. 37(c)(1). Additionally, on defendant's request, the trial judge will "inform the jury of [plaintiff's] failure" to produce the recordings. Fed.R.Civ.P. 37(c)(1)(B).

If defendant had requested, further discovery would have been permitted relating to the recordings and defendant would have been given access to the original recordings to have them professionally tested for tampering but defendant did not ask for either of those options. Defendant asked for monetary sanctions, but wanted an award for all attorney fees incurred for the period during which plaintiff had not disclosed the recordings. Defendant's request includes legal services that would not seem to have anything to do with plaintiff's failure to disclose the recordings so in that sense it is too broad. No other more specific request for fees, tied to some discrete event related to the recordings, was made, so no award of attorney fees or costs will be made.[2] Defendant also requested an adverse inference instruction based on the incomplete recordings but the record in this matter does not indicate, persuasively, that plaintiff intentionally altered the

---

[1] If defendant does use the recordings plaintiff would be permitted to argue regarding what the recordings actually reflect.

[2] If defendant does become the prevailing party in this case it make seek to be awarded attorney fees pursuant to 42 U.S.C. § 1988(b) if it can show that plaintiff's claim was "'frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so.'" *Garner v. Cuyahoga County Juvenile Court*, 554 F.3d 624, 635 (6th Cir. 2009), quoting *Christiansburg Garment Co. v EEOC*, 434 U.S. 412, 421-22 (1978).

recordings or deleted anything that was actually recorded and therefore no adverse inference will be permitted on this basis.

**IT IS SO ORDERED**.

The parties to this action may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  A party may not assign as error any defect in this Order to which timely objection was not made.  Fed.R.Civ.P. 72(a).  Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection.  Pursuant to Local Rule 72.1(d)(2), any objection must be served on this Magistrate.

Date: June 13, 2013            s/Michael Hluchaniuk
                               Michael Hluchaniuk
                               United States Magistrate Judge

## CERTIFICATE OF SERVICE

I certify that on June 13, 2013, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: Caroline A. Grech-Clapper, Adam S. Forman, Richard W. Warren and Todd H. Lebowitz.

                               s/Deborah J. Goltz for Tammy Hallwood
                               Case Manager
                               (810) 341-7887
                               tammy_hallwood@mied.uscourts.gov