**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

KATRINA COLEMAN,

    Plaintiff,

v.                                                                   Case No.: 12-cv-11154

                                                               Sean F. Cox

CARDINAL HEALTH 200, LLC,              District Court Judge

    Defendant.                                 Michael J. Hluchaniuk
                                                               Magistrate Judge

_____/

**OPINION AND ORDER AFFIRMING MAGISTRATE JUDGE'S ORDER**

Before the Court is Defendant Cardinal Health 200, LLC's ("Cardinal Health") Objection to Magistrate Judge Michael J. Hluchaniuk's Amended Order Granting Defendant's Motion for Sanctions.  Cardinal Health objects to the portion of the order declining to award Cardinal Health attorney's fees and costs. The Court finds that the issues have been adequately presented in the parties' briefs and that oral argument would not significantly aid the decision making process.  *See* Local Rule 7.1(f)(2), U.S. District Court, Eastern District of Michigan.  The Court therefore orders that the motion will be decided on the briefs.  For the reasons that follow, the Court shall **AFFIRM** Magistrate Judge Hluchaniuk's Amended Order Granting Defendant's Motion for Sanctions.  (Docket Entry No. 28.)

**BACKGROUND**

On or around March 15, 2012, Plaintiff Katrina Coleman ("Coleman") filed a Complaint in this matter, alleging racial discrimination in violation of Title VII and retaliation against her former employer, Cardinal Health.  (Docket Entry No. 1.)  The initial scheduling order entered on June 26,

1

2012, set a discovery deadline of March 25, 2013. (Docket Entry No. 10.) A subsequent scheduling order entered on March 7, 2013, extended the deadline for discovery to May 31, 2013. (Docket Entry No. 16.) During the course of discovery, Cardinal Health asked Coleman to produce any recordings of meetings she had with agents or employees of Cardinal Health. (Docket Entry No. 25, at 2; Docket Entry No. 29, at 2.) Coleman denied the existence of such recordings. (Docket Entry No. 28, at 2.) However, Coleman revealed, during a deposition on April 10, 2013, that she did, in fact, possess a number of recordings of conversations she had with Jay Hughes, an employee at Cardinal Health. (*Id*.) Cardinal Health filed the present motion for sanctions on April 17, 2013, which requested, among other things, an award of all attorney's fees incurred for the period during which plaintiff had not disclosed the recordings. (Docket Entry No. 17.) Coleman provided copies of the recordings with Jay Hughes and others to Cardinal Health on April 19, 2013. (Docket Entry No. 28, at 2.) A hearing was held before Magistrate Judge Hluchaniuk on June 3, 2013. On June 20, 2013, Magistrate Judge Hluchaniuk filed his Amended Order Granting Defendant Cardinal Health's Motion for Sanctions, which **DENIED** an award of attorney's fees and costs to Cardinal Health. (*Id.* at 5–7.)

## STANDARD OF REVIEW

This Court has original jurisdiction to review the Magistrate Judge's pretrial order. Fed. R. Civ. P. 72. Pursuant to local rules, an order for sanctions resulting from discovery misconduct is not a dispositive pretrial matter. Local Rule 7.1(e)(1),(2), U.S. District Court, Eastern District of Michigan. A District Judge is required to modify or set aside any portion of a Magistrate Judge's non-dispositive pretrial order properly objected to that the court determines is "clearly erroneous or contrary to law." 28 U.S.C. §636(b)(1)(A); Fed. R. Civ. P. 72(a). "The 'clearly erroneous' standard

applies only to the magistrate judge's factual findings." *Haworth, Inc. v. Herman Miller, Inc.*, 162 F.R.D. 289, 291 (W.D. Mich. 1995) (citing *Gandee v. Glaser*, 785 F.Supp. 684, 686 (S.D. Ohio 1992), *aff'd* 19 F.3d 1432 (6th Cir. 1994)). "[A] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *See United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948) (explaining the clearly erroneous standard under Rule 52(a)); *United States v. Mandycz*, 200 F.R.D. 353, 356 (E.D. Mich. 2001) (explaining the standard under Rule 72(a)). A Magistrate Judge's legal conclusions are reviewed under the plenary 'contrary to law' standard. *Haworth, Inc.*, 162 F.R.D. at 291. As such, "[the reviewing court] must exercise independent judgment with respect to the magistrate judge's conclusions of law." *Id*. As Cardinal Health only objects to Magistrate Judge Hluchaniuk's legal conclusion that attorney's fees and costs incurred in bringing the motion are not appropriate, this Court must determine if this conclusion is "contrary to law."

## ANALYSIS

Cardinal Health contends that, under Federal Rule 37(a)(4), Federal Rule 37(a)(5), Federal Rule 37(c) and this Court's inherent power, Magistrate Judge Hluchaniuk erred when he denied their request for attorney's fees and costs associated with filing their Motion for Discovery Sanction.[1] (Docket Entry No. 30, at 2–3.)

Cardinal Health's interrogatory asked Plaintiff to "[i]dentify all documents that contain

---

[1] Cardinal Health's Objection specifically requests "that this Court enter an Order that requires Plaintiff to pay all reasonable fees and expenses incurred by Cardinal Health in connection with the preparation and pursuit of Defendant's successful Motion for Discovery Sanctions." (Docket Entry No. 30, at 3, 8.)

3

information relevant to the facts or allegations set forth in [the] Complaint, or that contain information relevant to any damages allegedly suffered or incurred . . . . Include any notes or chronologies you have made relating to the allegations set forth in your Complaint." *See* (Docket Entry No. 17-2, at 5). Coleman responded by stating that she attached a document with all the information she understood Cardinal Health to be asking for, but failed to indicate the recordings at that time. (*Id*.) Interrogatory number fifteen asked Coleman to "[i]dentify all conversations related to your employment at Cardinal Health or this lawsuit that you have recorded or taken notes about." (*Id*. at 15.) Coleman responded by stating that she had "no other documents responsive to this request beyond her response to Interrogatory No. 5." (*Id*.) However, during Coleman's "deposition on April 10, 2013, she revealed that she had a number of recordings of conversations she had with Jay Hughes." (Docket Entry No. 28, at 2.) Thereafter, Cardinal Health moved for discovery sanctions, and the parties' submitted their responses and supplemental briefs. (Docket Entry No. 17.)

After a motion hearing was held on June 3, 2013, Magistrate Judge Hluchaniuk entered his Amended Order Granting Defendant's Motion for Sanctions, holding that sanctions were appropriate because Coleman's failure to produce the tapes was "willful" and "a serious failure on [her] part." (Docket Entry No. 28, at 3, 5.) Instead of dismissing this action and awarding attorney's fees and costs, Magistrate Judge Hluchaniuk held that "Plaintiff will not be able to use any of the recordings that she did not disclose to defendant when initially asked 'on a motion, at a hearing, or at a trial.' Defendant, of course, will be able to use those recordings for any purpose permitted by the rules but plaintiff is not permitted to use the recordings. Fed.R.Civ.P. 37(c)(1). Additionally, on defendant's request, the trial judge will 'inform the jury of [plaintiff's] failure' to produce the recordings.

4

Fed.R.Civ.P. 37(c)(1)(B)." (*Id.* at 5–6.)

Cardinal Health contends that Magistrate Judge Hluchaniuk's denial of their request for attorney's fees and costs was clearly erroneous because Federal Rule 37(a)(4) and Federal Rule 37(a)(5) provide for a mandatory award of attorney's fees and costs under these circumstances.

Federal Rule 37(a) provides in relevant part:

(a) Motion for an Order Compelling Disclosure or Discovery.
>(1) In General. On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.
>(2) Appropriate Court. A motion for an order to a party must be made in the court where the action is pending. A motion for an order to a nonparty must be made in the court where the discovery is or will be taken.
>(3) Specific Motions.
>>(A) To Compel Disclosure. If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions.
>>(B) To Compel a Discovery Response. A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if:
>>>(i) a deponent fails to answer a question asked under Rule 30 or 31;
>>>(ii) a corporation or other entity fails to make a designation under Rule 30(b)(6) or 31(a)(4);
>>>(iii) a party fails to answer an interrogatory submitted under Rule 33; or
>>>(iv) a party fails to respond that inspection will be permitted--or fails to permit inspection--as requested under Rule 34.
>>(C) Related to a Deposition. When taking an oral deposition, the party asking a question may complete or adjourn the examination before moving for an order.
>(4) Evasive or Incomplete Disclosure, Answer, or Response. For purposes of this subdivision (a), an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond.
>(5) Payment of Expenses; Protective Orders.
>>(A) If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing). If the motion is granted--or if the disclosure or

> requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>> (iii) other circumstances make an award of expenses unjust.

FED. R. CIV. P. 37(a)(1)–(5)(A).

Magistrate Judge Hluchaniuk correctly points out that Cardinal Health's requests for attorney's fees falls outside the scope permitted by the rule because the moving party billed for services unrelated to the motion and because they were unreasonably expensive. (Docket Entry No. 28, at 6.) As stated, Cardinal Health's request was too broad, in that it included services that do not specify some distinct event related to the recordings, the filing of the motion, and any resulting costs. *See* FED. R. CIV. P 37(a)(5)(A) (requiring a "party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees"); *PML N. Am., LLC v. ACG Enterprises of NC, Inc.*, No. 05-CV-70404-DT, 2007 WL 925627 (E.D. Mich. Mar. 28, 2007) ("The court agrees and will reduce Plaintiff's award to include only fees that are reasonably related to Defendant's discovery violations."); *Youn v. Track, Inc.*, 324 F.3d 409, 422 (6th Cir. 2003); *Fazzolari v. New York Cmty. Bank*, No. 11-13988, 2012 WL 566420 (E.D. Mich. Feb. 17, 2012). Here, it is not necessary to expound on the exceptional circumstances that make an award of expenses unjust, because as clearly specified by the rule, a party or deponent is only to pay attorney's fees or other reasonable expenses incurred as a result of the other party making the motion. Because Cardinal Health asked for far more than what bringing

the motion would have reasonably cost, and because Cardinal Health did not support its request for attorney's fees with any billing statements, affidavits or other similar documents, Magistrate Judge Hluchaniuk denied its request.[2]

However, even if Cardinal Health requested fees associated with bringing the motion, Magistrate Judge Hluchaniuk points to the sanctions ordered and to the fact that Cardinal Health has not specifically identified any prejudice suffered as a result of Coleman's conduct as evidence that an award of attorney's fees are inappropriate. (Docket Entry No. 28, at 4–7.) Magistrate Judge Hluchaniuk's point can be interpreted in two ways. Either the fees are unreasonable, or the circumstances render the fees unjust. Magistrate Judge Hluchaniuk's refusal to award the fees is justified regardless of either interpretation. Federal Rule 37(a)(5)(A)(iii) provides that an award of attorney's fees and costs is not warranted where "other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(a)(5)(A)(iii); *see also Lowe v. Vadlamudi*, No. 08-10269, 2012 WL 3731781, at * (E.D. Mich. Aug. 28, 2012); *Coupled Products, LLC v. Component Bar Products, Inc.*, No. 09-12081, 2011 WL 1565183, at * 4 (E.D. Mich. April 25, 2011); *Ulbrik v. UPR Products, Inc.*, No. 08-13764, 2010 WL 5105050, at * 3 (E.D. Mich. Dec. 09, 2010); *Siwka v. Smart Recovery Service*, LLC, No. 08-12152, 2010 WL 3026360, at * 1–2 (E.D. Mich. July 29, 2010); *In re Special Serv. Delivery, Inc.*, 16 B.R. 714, 718 (Bankr. N.D. Ohio 1982)(holding that the burden is on the disobedient party to show his failure is justified or that special circumstances make an award of

---

[2] In addition to Cardinal Health's request for an award of attorney's fees for the period of discovery effected by Coleman's failure to disclose the tapes, i.e., July 31, 2012 through April 10, 2013, Cardinal Health makes a request attorney's fees and costs associated with filing Defendant's Motion for Discovery Sanctions in that motion. However, the brief in support of that motion does not make such a request, instead, it provides argument only for Cardinal Health's request for attorney's fees for the period between July 31, 2012, through April 10, 2013.

7

expenses unjust); *Crozin v. Crown Appraisal Grp., Inc.*, 2:10-CV-581, 2012 WL 1898646 (S.D. Ohio May 23, 2012) ("It would be unjust to award attorneys' fees and expenses of an amount that Defendants failed to prove at the hearing . . . the Court does not deem the . . . Plaintiffs to be deserving of the double whammy of paying an amount that Defendants failed to support with competent evidence of any kind."); *Blackmon v. Olney*, 1:06-CV-193, 2007 WL 2332328 (W.D. Mich. Aug. 13, 2007). Thus, regardless of whether or not Magistrate Judge Hluchaniuk erred when he declined to award attorney's fees and costs, the Court holds that the result remains the same because the exception applies.

Furthermore, Cardinal Health's arguments under Federal Rule 37(c) and this Court's inherent authority to award attorney's fees and costs rely on the Court's discretionary authority to award fees and costs. Cardinal Health does not provide any argument that fees and costs are mandatory under this authority. Accordingly, the Court declines to award fees and costs for the aforementioned reasons, as well as for the reasons mentioned in the Amended Order Granting Defendant's Motion for Sanctions [Docket Entry No. 28].

## CONCLUSION AND ORDER

**IT IS ORDERED** that the Court **AFFIRMS** Magistrate Judge Hluchaniuk's Amended Order Granting Defendant's Motion for Sanctions [Docket Entry No. 28].

**IT IS SO ORDERED**.

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: August 2, 2013

8

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KATRINA COLEMAN,

    Plaintiff,

v.                                                                           Case No.: 12-cv-11154

                                                                                                  Sean F. Cox
CARDINAL HEALTH 200, LLC,                    District Court Judge

    Defendant.                                                  Michael J. Hluchaniuk
                                                                                                 Magistrate Judge
_____/

PROOF OF SERVICE

    I hereby certify that a copy of the foregoing document was served upon counsel of record on August 2, 2013, by electronic and/or ordinary mail.


                                                                          S/Jennifer McCoy
                                                                          Case Manager