UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Katrina Coleman,

      Plaintiff,

v.                                                            Criminal Case No. 12-11154

Cardinal Health 200, LLC,                                     Honorable Sean F. Cox

      Defendant.

_____/

**ORDER DENYING
PLAINTIFF'S MOTION FOR RECONSIDERATION**

Acting through Counsel, Plaintiff Katrina Coleman ("Plaintiff") filed this employment discrimination action against her previous employer.  After the close of discovery, Defendant filed a Motion for Summary Judgment.  Following full briefing by the parties and oral argument, this Court granted Defendant's Motion for Summary Judgment in an Opinion & Order issued on November 7, 2013.  (Docket Entry No. 40).  The Court issued a Judgment the same day. (Docket Entry No. 41).

On December 9, 2013, Plaintiff filed a *pro se* Motion for Reconsideration.  (Docket Entry No. 47).

Local Rule 7.1 of the Local Rules of the Eastern District of Michigan governs motions for reconsideration and provides that a motion for reconsideration must be filed within fourteen days after entry of the judgment or order at issue.  Eastern District of Michigan Local Civil Rule

7.1(h)(1).[1]  The Rule further provides:

> (3) Grounds. Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

Eastern District of Michigan Local Civil Rule 7.1(h)(3).

A motion for reconsideration may not be used to raise issues that could have been raised in the previous motion but were not.  *Evanston Ins. Co. v. Cogwell Properties, Inc*., 683 F.3d 684, 692 (6th Cir. 2012). In other words, a motion for reconsideration does not provide the movant with an opportunity for a "second bite at the apple."  *Id.*

Plaintiff's Motion for Reconsideration, filed on December 9, 2013, seeks reconsideration of the rulings set forth in this Court's November 7, 2013 Opinion & Order.  Thus, the motion was filed beyond the applicable fourteen-day period for filing a motion for reconsideration.  The Court shall therefore deny the motion as untimely.

In addition, even if the motion had been timely filed, the Court would deny the motion on the merits.  Plaintiff's motion continues to make arguments already presented to, and rejected by, this Court.

Her motion also seeks to present new evidence and arguments that were not previously presented to the Court.  But it is well-established that a motion for reconsideration may not be

---

[1]The Local Rules further provide that no response to a motion for reconsideration and no oral argument are permitted unless the Court orders otherwise.  Local Civil Rule 7.1(h)(2).

used to raise new issues. *Evanston Ins. Co.*, 683 F.3d at 692; *Dean v. City of Bay City,*

*Michigan*, 239 Fed. App'x. 107,111 (6th Cir. 2007).

Accordingly, **IT IS ORDERED** that Plaintiff's Motion for Reconsideration is **DENIED.**

**IT IS SO ORDERED.**

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: December 19, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 19, 2013, by electronic and/or ordinary mail.

S/Jennifer McCoy
Case Manager

3